UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF NORTH CAROLINA

Daimy Gutierrez Moreno )
)
)
)
Plaintiff, )
)
v. )
)
Todd Blanche, Attorney General of the ) Civil No.
United States, )
Markwayne Mullin, Secretary, Department ) Agency No.:
Of Homeland Security, )
Joseph B Edlow, Director, U.S. )
Citizenship and Immigration Services, )
Edward Newman, District Director, )
Northeast Region, U.S. Citizenship and )
Immigration Services, )
Connie Nolan, Associate Director )
For the Service Center Operations Directorate )
(SCOPS), U.S. Citizenship and )
Immigration Services, and )
Christopher M. Heffron, U.S. Citizenship and )
Immigration Services, Director for the Charlotte )
Field Office. )
)
) **PETITION FOR WRIT**
) **OF MANDAMUS UNDER**
)
) **28 U.S.C. § 1361 and to Compel**
) **Agency Action under 28 USC §**
) **706(1)**
)
)
Defendants. )
)

**PETITION FOR WRIT OF MANDAMUS**

COMES Now the Petitioner, Daimy Gutierrez Moreno, and by and through undersigned counsel, states the following in support of her petition for Writ of Mandamus.

## INTRODUCTION

This is a civil action brought in the nature of a writ of mandamus and for declaratory and injunctive relief to compel final agency action that has been unlawfully withheld and unreasonably delayed with respect to the adjudication of Mrs. Gutierrez Moreno's Form I-485, Application to Register Permanent Residence or Adjust Status.

## JURISDICTION

1. This Honorable Court possesses jurisdiction pursuant to 8 USC§ 1447(b), 5 USC§§ 555(b) and 706(1), 28 USC§§ 1331, 1361, and 2201(a).

## VENUE

2. Venue is proper in the Western District of North Carolina, as Plaintiff seeks adjudication of her Form I-485 in the Charlotte, North Carolina USCIS Field Office at 201 Regency Executive Park Drive, Charlotte, North Carolina 28217 and a substantial part of the events or omissions giving rise to the claim occurred in or around the Charlotte Field Office, which is in the Western District of North Carolina. In addition, Defendant Christopher Heffron, is the director of the USCIS Charlotte Field Office and is believed to reside in the Western District of North Carolina.

## PARTIES

3. Plaintiff, who resides at 2804 Lahana St NW, Concord, NC 28027, filed her Form I-485 with United States Citizenship and Immigration Services (USCIS), a bureau of the Department of Homeland Security (DHS). USCIS has failed to adjudicate the above-referenced form in the manner defined by statute and regulation.

4. Defendant Blanche is the Attorney General of the United States, whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC, 20530. Defendant Mullin is the Secretary of the Department of Homeland Security, whose office address is the U.S. Department of Homeland Security, 3801 Nebraska Avenue, NW, Washington, DC, 20528

5. Defendant Edlow is the Director of U.S. Citizenship and Immigration Services, whose office address is U.S. Citizenship and Immigration Services, 20 Massachusetts Ave NW, Washington, DC, 20529.

6. Defendant Newman is the District Director for the Northeast Region of U.S. Citizenship and Immigration Services. His address is U.S. Citizenship and Immigration Services, 130 Delaware Avenue, First Floor, Buffalo, NY 14202.

7. Defendant Nolan is the Associate Director for the Service Center Operations Directorate (SCOPS), which oversees the Vermont Service Center, whose office is U.S. Citizenship and Immigration Services, Office of the Chief Counsel, 20 Massachusetts Ave, N.W., Room 4210, Washington, DC 20529-2120.

8. Defendant Christopher M. Heffron is the Director of the U.S. Citizenship and Immigration Services Charlotte Field Office, which is located at 201 Regency Executive Park Drive, Charlotte, North Carolina, 28217.

9. Each Defendant is sued in his or her official capacity. Defendants Blanche, Mullin, Edlow, Newman, Nolan and Heffron are responsible for the adjudication and grant or denial of the above-referenced Form I-485 filed by the Plaintiff pursuant to 8 USC§ 1421, 8 USC§ 1427, 8 USC§1446, 8 CFR § 103.l(a), 8 CFR § 310.2 and 8 CFR § 316.3.

**FIRST CAUSE OF ACTION: WRIT OF MANDAMUS**

10. Plaintiff asserts a claim for the issuance of a writ of mandamus against Defendants.

A mandamus action is appropriate where: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) there is no other adequate remedy available to the plaintiff." *Lovitky v. Trump,* 949 F.3d 753, 759 (D.C. Cir. 2020. When a court finds that all three elements are satisfied, the court retains discretion to grant or deny the writ. *Am. Hospital Ass'n v. Burwell,* 812 F.3d 183, 189 (D.C. Cir. 2016); *Wolcott v. Sebelius,* 635 F.3e 757, 768 (5th Cir. 2011).

11. To determine whether a plaintiff has a clear right to relief, courts look to whether "the plaintiff falls within the 'zone of interest' of the underlying statute." *Giddings v. Chadler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (discussing zone of interest test in considering a mandamus claim); see also *Ass'n of Dada Processing Ser. Orgs., Inc.* v. Camp, 397 U.S. 150, 153-154 (1970). The "zone of interest" test requires that "the interests sought to be protected by the complainant ... arguably [be] within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Giddings,* 979 F.2d at 1108 (alteration in original) (quoting *Ass'n of Dada Processing Serv. Orgs.,* 397 U.S. at 153). This is a two-part inquiry. " First, the court must determine what interests the statute arguably was intended to protect, and second, the court must determine whether the 'plaintff's interests affected by the agency action in question are among them.'" *Bangura v. Hansen,* 434 F. 3d 487,499 (6th Cir. 2006) (quoting *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co,* 522 U.S. 479,492 (1998)).

12. A plaintiff must also show that the defendant official or agency owes a duty to the plaintiff. Courts have recognized that where a noncitizen has a right to apply for a benefit, there is an accompanying, nondiscretionary duty for USCIS to adjudicate the application. See, e.g., *M.J.L. v. McAleenan,* 420 F. Supp. 3d 588,559 (W.D. Tex. 2019). ("While the USCIS's decision to grant or deny a U Visa petition is discretionary, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed is not."); *Ayyub v.*

*Blakeway*, No. SA-10-CV-149-XR, 2010 U.S. Dist. LEXIS 82739, at 14-15 (W.D. Tex. Aug. 13, 2010). While the duty owed by the government official must be mandatory or ministerial, mandamus actions can be used to compel the government to exercise its discretion in a case where the government has failed to take any action. For example, the court may order the defendant to adjudicate an application or petition. See, e.g., *Villa v. DHS*, 607 F. Supp. 2d 359, 363 (N.D.N.Y. 2009) (finding duty to adjudicate adjustment application in a reasonable amount of time).

13. A mandamus plaintiff must also show that no other remedy is available. See *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-381 (2004). A remedy "is adequate if it is 'capable of affording full relief as to the very subject matter in question.'" *Wolcott*, 635 F.3d at 768 (citation omitted). In addition, even where the "legal requirements for mandamus jurisdiction have been satisfied, a court may grant relief only when it finds compelling equitable grounds." *Arn. Hos. Ass'n. v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Thus, the plaintiff must also establish that 'the agency's delay is so egregious as to warrant mandamus.'" *In re Core Cornrns, Inc.* 531 F.3d 849, 855 (D.C. Cir. 2008). That analysis is guided by the six factors laid out in *Telecommunications Research & Action Center v. FCC (TRAC)*, 750n F.2d 70 (D.C. Cir. 1984).

## SECOND CAUSE OF ACTION: ADMINISTRATIVE PROCEDURES ACT

14. In addition to a writ of mandamus, the Administrative Procedures Act (APA) serves as a second basis to challenge an agency's unreasonable delay. The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a federal court to "compel agency action unlawfully or unreasonably delayed," id. § 706(1). To be entitled to relief under the APA, a plaintiff must show either that the agency unlawfully withheld action it was required to take, such as when an agency fails to meet a

congressionally-set deadline, *Forest Guardians v. Babbit*, 174 F.3d 1178 (10th Cir. 1999), or that the agency unreasonably delayed taking a discrete agency action that it is required to take," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. No exhaustion-of-remedy requirement applies to the Plaintiff's complaint for declaratory and injunctive relief to compel final agency action that has been unlawfully withheld and unreasonably delayed with respect to the adjudication of his Form I-485.

## FACTUAL ALLEGATIONS

16. Plaintiff was born in Cuba and is a citizen of that country.

17. Plaintiff is currently located on United States territory.

18. Plaintiff entered the U.S. from Mexico and was granted humanitarian parole on or around December 3, 2022. She was granted parole until February 3, 2023.

19. Plaintiff was not placed nor has ever been placed in removal proceedings.

20. On February 1, 2023, prior to the expiration of her parole, Plaintiff filed a Form I-589, Application for Asylum and for Withholding of Removal with USCIS.

21. Plaintiff's Form I-589 remains pending.

22. On or around July 31, 2023, Plaintiff received her work authorization in connection with her pending asylum case. The work authorization was valid from July 31, 2023 to July 30, 2025.

23. On February 16, 2024, about fourteen months after entering the U.S., Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status under the Cuban Adjustment Act. The Form I-485 has been pending for two years, five months and three days.

24. On August 5, 2025, Plaintiff was issued a work authorization in connection with her pending I-485. The work authorization remains valid until August 4, 2029.

25. Plaintiff has made a service request to USCIS in an effort to obtain additional information about the delay or spur the adjudication of her case, but to no avail.

## COUNT 1

26. The averments set forth above are restated and incorporated by reference.

27. Defendants have failed to issue a decision on Plaintiff's Form I-485 within a reasonable time as required by statute.

28. The Court has jurisdiction, de novo, to declare that Plaintiff is entitled to an adjudication of the pending Form I-485. This entitlement is based on Section 336(b) of the Immigration and Nationality Act, as well as 8 USC Section 1447(b).

29. Petitioner requests this Honorable Court to issue a Writ of Mandamus ordering a timely adjudication of the unreasonably delayed Form I-485. WHEREFORE, Plaintiff prays that this Court issue a Writ of Mandamus compelling Defendants to immediately adjudicate the unreasonably delayed Form I-485 and to issue a decision on it, and to grant such other relief as may be just and proper, including reasonable costs and attorney fees.

## COUNT 2

30. The averments set forth above are restated and incorporated by reference.

31. Defendants have failed and refused to adjudicate Plaintiff's Form I-485. Accordingly, Plaintiff requests a declaration by this Honorable Court that the Defendants are in violation of the Administrative Remedies Act.

**WHEREFORE,** Plaintiff prays that this Court issue a declaration that Defendants are in violation of their duties pursuant to the Administrative Remedies Act, and, in addition, to issue a writ of mandamus order compelling the Defendants to immediately adjudicate Plaintiff's pending Form I-485, as well as to grant such other relief as may be just and proper, including reasonable costs and attorney's fees as merited.

Dated: July 17, 2026

L. Maria Ximena Sussman, Esq. #49550
Sussman Law Firm, PLLC
9916 Monroe Rd
Matthews, NC 28105
(980) 598-8180
maria@sussmanlawfirmpllc.com